```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
    CANFIELD et al                              :
                                                :
                                    Plaintiff,  :
            -against-                           :      1:18-cv-08913 (ALC)
                                                :
                                                :      OPINION AND ORDER
                                                :
                                                :
    SS&C TECHNOLOGIES, INC et al,               :
                                    Defendants. :
                                                :
                                                :
                                                :
                                                :
-----------------------------------------------------------x
```

**ANDREW L. CARTER, JR., United States District Judge:**

  Defendants DST Systems, Inc. ("DST"), the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan (the "Advisory Committee"), and the Compensation Committee of the Board of Directors of DST (the "Compensation Committee"), collectively, the DST Defendants, filed a request for permission to file certain exhibits under seal in connection with its motion to disqualify conflicted Plaintiffs' counsel. (ECF No. 35). For the reasons that follow, that request is DENIED.

## LEGAL STANDARD

  "There is a common-law and First Amendment right of public access to judicial documents." *Valassis Communications, Inc. v. News Corp.*, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 110, 119–20 (2d Cir. 2006). "[A]n item is a 'judicial document' if it is '"relevant to the performance of the judicial function and useful in the judicial process. " ' " *United States v. Siler*, 2016 WL 1572993, at *3 (S.D.N.Y.

1

Apr. 14, 2016) (quoting *Lugosch*, 435 F.3d at 119) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")).

Once the court determines that a document is a judicial document, "the next step is to determine whether the presumption of access is the common law right of access of the more robust 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). The First Amendment right of access will apply only where:

> The Court determines: (1) that the documents "have historically been open to the press and general public" and that "public access plays a significant positive role in the functioning of the particular process in question" (the "experience and logic" approach, or (2) that the documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings."

*Id.* (quoting *Lugosch*, 435 F.3d at 120) (quoting *Hartford Courant Co.,* 380 F.3d at 92, 93).

Where a judicial document is not entitled to the First Amendment right of access, it is entitled to the common law right of access. Under this common law analysis, the court must determine the weight of the presumption of access that attaches to the document at issue. "The weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119–20). Finally, "a court must then balance the weight of that presumption against 'competing consideration,' including 'the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.

## DISCUSSION

In the relevant motion, the DST defendants sought the disqualification of Plaintiffs' counsel on the basis that the firm was representing Plaintiffs in suing former members of the DST Advisory Board, among whom, were several individuals counsel was concurrently representing in arbitration proceedings.

DST requests leave to file one document and a portion of one document under seal. The first document is an arbitration demand submitted by disqualified Plaintiffs' counsel on behalf of one of their clients. (ECF No. 35 at 2). Second, DST sought to seal excerpts from additional arbitration demands submitted by disqualified counsel on behalf of four other clients. (*Id.*) DST provides that one of the arbitration agreements entered into by one of the parties provides that " '[t]he arbitration and hearing shall be confidential, but only to the extent allowed under applicable law." (*Id.*)

DST explained that it was not prejudiced by the public filings of the documents, but noted that sealing may be necessary to protect the confidentiality interests of the arbitration claimants. (*Id*.)

Applying the above analysis, DST has not met its burden of showing that these documents should be sealed. The relevant documents are indisputably judicial. S*ee Century Indem. Co v. AXA Belgium*, 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012). The presumption given to this information is not relatively high, as the arbitration demands submitted do not concern the representation at issue in this motion. However, DST has provided no substantive countervailing factors counseling in favor sealing. DST merely comments that the documents might be inconsistent with the confidentiality interests of the arbitration claimants given the agreement in one case to keep the matter confidential. "The mere existence of

a confidentiality agreement, however, does not demonstrate that sealing is necessary." *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010). Additionally, DST identifies no information in the demand documents that would harm either party if disclosed.

Because DST has not met its burden, its motion to seal is DENIED.

## CONLCLUSION

The motion to seal is DENIED and DST should file these documents on the record by October 6, 2020. This resolves ECF No. 35.

**SO ORDERED.**

Dated: September 30, 2020
      New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

4