USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: March 17, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANFIELD ET AL, <br><br> **Plaintiffs,** <br><br> -against- <br><br> SS&C TECHNOLOGIES HOLDINGS, INC. ET AL, <br><br> **Defendants.** | **18-CV-8913 (ALC)** <br><br> **MEMORANDUM AND ORDER** |
| MENDON ET AL, <br><br> **Plaintiffs,** <br><br> -against- <br><br> SS&C TECHNOLOGIES HOLDINGS, INC. ET AL, <br><br> **Defendants.** | **18-CV-10252 (ALC)** <br><br> **MEMORANDUM AND ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

This opinion concerns a series of ERISA actions currently before this Court and related arbitrations proceeding in Missouri. After consideration of the parties' briefings filed on July 24, 2020, the Court DENIES Defendants' Motion to Disqualify Plaintiffs' counsel from the arbitrations.

**I. Context of Relevant Actions**

The *Canfield* and *Mendon* cases are two of many related legal actions pending in this district and in the Western District of Missouri. Before addressing the parties' arguments regarding disqualification, a brief procedural of history of these related matters is helpful.

Plaintiffs in all but one case before this court, *Scalia*, are current or former employees of DST Systems, Inc. who participated in the Kansas-based Company's 401(k) Profit Sharing Plan

together with Plan fiduciaries whom Plaintiffs allege committed ERISA violations that caused losses to the Plan and individual accounts. Hundreds of Plan participants signed an arbitration agreement with their employer, agreeing to resolve through AAA arbitration all employment disputes not explicitly excluded from the agreement. One exclusion is for claims regarding "ERISA-related benefits provided under a Company sponsored benefit plan." (*Ferguson*, ECF No. 169-2). The agreement bars class or representative actions and expressly prohibits an employee who agreed to arbitrate from "hav[ing] a claim asserted om [their] behalf by another person as a class representative or otherwise." (*Ferguson*, ECF No. 172-9 at 2).

Not all Plan Participants signed the agreement, some chose to opt out of the arbitration program.

The first federal suit filed was *Cooper v. Ruane Cunniff & Goldfarb, Inc.*, No. 16-cv-1900 (S.D.N.Y. 2016). The Plaintiff in *Cooper* initially sued DST and Ruane, but subsequently dismissed his claims against DST because he was subject to the arbitration agreement. Although Ruane was not a signatory to the agreement, the court determined that Ruane was entitled to enforce the agreement and compel arbitration. *Cooper v. Ruane Cunniff. & Goldfarb Inc.*, 2017 WL 3524682 (S.D.N.Y. Aug. 15, 2017). The Second Circuit reversed and remanded, ruling that the arbitration agreement did not encompass Cooper's claims. *Cooper v. Ruana Cunniff & Goldfarb In*c., 2021 WL 821390 (2d Cir. Mar. 4, 2021).

Plaintiff Ducharme filed the second federal action in the Western District of Missouri as a class action complaint. Ducharme participated in the arbitration program, but argued that the agreement did not apply to claims arising under 29 U.S.C. § 1132(a)(2)). The court upheld the legitimacy of the agreement's class action waiver and held that Ducharme's individual claims were

arbitrable. The court entered the dismissal on June 23, 2017. *Ducharme v. DST Systems, Inc. et al.*, No. 4:17-cv-00022 (W.D. Mo. June 23, 2017).

On June 30, 2017, Ducharme moved for relief from the dismissal order and Plaintiff Ostrander moved to intervene in Ducharme's case. On September 7, 2017, Ostrander filed her own suit alleging breach of fiduciary duty in the Western District of Missouri. Ostrander had opted out of arbitration. *Ostrander v. DST Systems, Inc. et al*, No. 4:17-cv-00747, 2018 WL 10799300, at *1 (W.D. Mo. Feb. 2, 2018) (summarizing procedural history).

On October 16, 2017, the court denied Ducharme's motion for relief and denied as moot Ostrander's motion to intervene in light of her filing a separate action. *DuCharme v. DST Systems, Inc., et al.*, No. 4:17-cv-00022, 2017 WL 11511727 (W.D. Mo. Oct. 16, 2017).

On September 1, 2017, six days before Ostrander filed her own suit, the *Ferguson* Plaintiffs, who opted out of arbitration, filed their representative action in the Southern District of New York.

On February 2, 2018, the Western District of Missouri court dismissed *Ostrander* pursuant to the first-filed rule after determining that its claims substantially overlapped with those in *Ferguson*. *Ostrander*, 2018 WL 10799300, at *2–3.

Seven additional opt-out DST plan participants filed their own actions in the Southern District of New York.

Close to 500 Participants initiated individual arbitrations under the DST arbitration agreement. According to the parties, many of these claims are for breach of fiduciary duty and are similar if not identical to the claims of the federal judicial plaintiffs in *Ferguson*, *Canfield*, and *Mendon*. According to the firms representing arbitration plaintiffs, the proceedings are at varying stages, but some have concluded, resulting in substantial victories for participants.

In *Scalia,* the Secretary of Labor is the plaintiff and is suing Ruane, the DST parties, and sixteen members of the former DST Plan Advisory Committee and Compensation Committee's Board of Directors, alleging that Defendants "caused the Plan and its participants to suffer harm" and seeking an order requiring Defendants to "restore to the Plan and its participants all losses caused." (Scalia Compl. at ¶¶ 59, 63).

## II. Disqualification in *Canfield* and *Mendon*

Plaintiffs in the *Canfield* and *Mendon* actions were represented initially by The Klamann Law Firm and Kent, Beatty & Gordon, LLP. The Klamann group also represents three, former members of the Plan's Advisory Committee. Because Plaintiffs in *Canfield* and *Mendon* sued, among other defendants, the Advisory Committee and its individual members, the Court found a concurrent conflict of interest and disqualified the Klamann group from the Canfield and *Mendon* actions. (Opinion and Order, *Canfield* ECF No. 49). In its opinion, the court ordered the parties to submit additional briefing as to whether the court should disqualify the Klamann group from representing the Advisory Committee members in arbitrations. (*Id.*)

On July 24, 2020, the Klamann group moved for reconsideration of the court's disqualification opinion (*Canfield,* ECF No. 60).

## III. Disqualification in Arbitrations

The court now considers the parties' briefings regarding disqualification in the arbitration proceedings. For the reasons that follow, Defendants' motion to disqualify the Klamann group in the Missouri arbitrations is DENIED.

Attorney disqualification is better decided by courts rather than arbitrators. See *Northwestern National Insurance Co. v. Insco, Ltd.,* 2011 WL 4552997, at *5 (S.D.N.Y. Oct. 3, 2011); *Munich Reinsurance Am., Inc. v. ACE Prop. & Cas. Ins. Co.*, 500 F. Supp. 2d 272, 275

(S.D.N.Y. 2007); *Troika Media Grp., Inc. v. Stephenson*, No. 19 CIV. 145, 2019 WL 5587009, at *3 (S.D.N.Y. Oct. 30, 2019). Additionally, there are circumstances in which courts may disqualify counsel from representing clients in arbitration proceedings set in other districts. For instance, in *Simply Fit of North America, Inc. v. Poyner*, Plaintiff sued Defendant for contract and RICO claims in the Eastern District of New York. 579 F. Supp 371 (E.D.N.Y. 2008). Defendant argued that the case must be dismissed in favor of Florida arbitration pursuant to an agreement between the parties. *Id.* at 374. Defendant did not otherwise argue that the court lacked personal or subject matter jurisdiction over the case or parties. The court agreed with Defendant's interpretation of the contract and compelled arbitration in Florida. *Id.* at 382. Pursuant to Section 3 of the Federal Arbitration Act, the court stayed the action pending resolution of the arbitration, "retain[ing] jurisdiction over any subsequent petition for judicial review of any aware." *Id.*

In the same opinion compelling arbitration, the court considered Plaintiff's argument that Defense Counsel should be disqualified as councel in the arbitrations because of a conflict of interest. *Id.* Although the court denied Plaintiff's Motion to Disqualify, the court clearly operated with the understanding that it could disqualify counsel from the Florida proceedings. The relevant distinction is that the Eastern District of New York Court here was the court that compelled arbitration and pursuant to the FAA, retained to jurisdiction to review some elements of the resulting arbitration proceedings.

I did not compel the arbitrations into which Defendants now ask me to interfere and the Klamann Group's position is that I lack jurisdiction to disqualify counsel in the arbitration proceedings. DST argues that my jurisdiction over Plaintiffs' counsel in these proceedings derives from this court's jurisdiction over the Plan generally and the fact that the Klamann Group has appeared before me in the Canfield and Mendon actions.

Regardless of whether there is a jurisdictional basis for me to disqualify arbitration counsel, I find that the disqualification of arbitration counsel is a question more appropriately left to Missouri federal courts.

Only Plan Participants who opted out of the DST arbitration agreement have brought claims in front of this court. From their pleadings, I have no basis upon which to determine with any certainty the similarities or dissimilarities between the claims raised by non-opting-out Plan participants in arbitrations, or the timeline in which the Klamann Group brought the relevant arbitration proceedings. Both categories of information are relevant to the disqualification question presented here. This information is accessible, however, to the court charged with reviewing arbitral agreements and awards. Accordingly, this court, the Western District of Missouri, is better positioned to rule on disqualification in the arbitration proceedings.

Pointing to the Western District of Missouri Court's refusal to hear the *Ostrander* action, DST asserts that the court similarly would refuse to hear argument as to disqualification in the arbitration context. The situations are inapposite. The *Ostrander* plaintiff did not sign an arbitration agreement. Like the *Ferguson, Mendon, and Canfield* plaintiffs, she was free to bring her claims in federal court or arbitrations. She chose federal court. The Western District of Missouri Court dismissed her case not because it did not have jurisdiction over the matter, but rather because the court felt it more appropriate that her claims be considered by the court already considering the identical claims of similarly situated plaintiffs. From the *Ostrander* dismissal, it is impossible to draw the conclusion that the Western District of Missouri Court does not believe it has jurisdiction over the arbitration proceedings that must be brought in its district and which concern dissimilar plaintiffs.

*Ducharme* similarly does not exclude the Western District of Missouri court's jurisdiction. Although the court held that the arbitration agreement encompassed Ducharme's claims, rather than compel arbitration, the court dismissed the case, concluding that the representative nature of Ducharme's claims barred them from being asserted validly even in an alternative, non-judicial setting under the express terms of the arbitration agreement. 2017 WL 7795123 at *1. Presumably, if the court had permitted Ducharme's claims to proceed to arbitration as stated, it would have retained, pursuant to the parties' or a party's request, limited Section 3 jurisdiction over the proceedings.

If DST feels disqualification warranted in individual arbitrations, it must raise the issue independently in a court authorized to preside in some capacity over these extra-judicial proceedings.

## CONCLUSION

Defendants' Motion to Disqualify Counsel in the arbitration proceedings is DENIED.

**SO ORDERED.**

**Dated:** **March 17, 2021**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**