```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____  │
│ DATE FILED:__3/24/2020_____  │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CANFIELD, et al.,<br><br>                Plaintiffs,<br><br>    -against-<br><br>SS&C TECHNOLOGIES HOLDINGS, INC., et al.,<br><br>                Defendants. | 18-CV-8913 (ALC) (BCM) |
| MARK MENDON, et al.,<br><br>                Plaintiffs,<br><br>    -against-<br><br>SS&C TECHNOLOGIES HOLDINGS, INC., et al.,<br><br>                Defendants. | 18-CV-10252 (ALC) (BCM)<br><br>**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT** |

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced actions have been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases and Emergency Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

The Court notes that these cases have been pending since late 2018, but no pre-trial scheduling order has been entered and no formal discovery has taken place. Further, it has been seven months since plaintiffs in both of these actions first requested that they be referred to Judge Moses "so that the parties can begin conducting discovery in coordination with the

ongoing discovery" in a related case, *Ferguson et al. v. Ruane Cuniff & Goldfarb Inc. et al.*, No. 17-CV-6685 (ALC) (BCM). *See Canfield* Dkt. No. 77; *Mendon* Dkt. No. 76. Since then, the following events, among others, have occurred in *Ferguson*:

(1) the parties to that action entered into settlement agreements, subject to judicial approval;

(2) discovery was suspended;

(3) plaintiffs filed motions for preliminary approval of the proposed settlements;

(4) the Secretary of Labor objected to portions of the proposed settlements;

(5) a group of arbitration claimants (represented by The Klamann Law Firm, which until its recent disqualification also represented plaintiffs the above-captioned actions) filed papers opposing preliminary approval of the proposed settlements;

(5) plaintiffs in the above-captioned actions (represented by Kent, Beatty & Gordon, LLP, which remains their counsel of record herein) filed papers opposing preliminary approval of the proposed settlements;

(6) the *Ferguson* plaintiffs filed their reply papers; and

(7) Judge Carter denied the *Ferguson* plaintiffs' motion for leave to file a third amended complaint and to certify a class, without prejudice to renewal by April 5, 2021.

Additionally, the Second Circuit issued a decision in *Cooper v. Ruane Cunniff & Goldfarb Inc*., No. 17-2805, which may require additional briefing with respect to the pending settlement approval motions in *Ferguson*.

Judge Moses will conduct an initial status conference on **April 8, 2021, at 11:00 a.m.** At that time, the parties shall dial **(888) 557-8511** and enter the access code **7746387**. In advance of the conference, and no later than **April 2, 2021**, the parties to the above-captioned actions shall file a joint letter providing their respective views as to how these cases might most efficiently be

2

managed. In particular, the parties shall state whether any motion practice is presently contemplated and whether any party seeks a discovery schedule, as well as the position of the other parties as to those matters.

Going forward, parties and counsel are cautioned:

1.      Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2.      Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3.      For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4.      Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5.      In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments.

6.      If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin

Snell at (212) 805-0228 immediately.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **Conferences and Hearings. All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance.  If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**
>
> **Remote Depositions. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

Dated:  New York, New York
      March 24, 2021

                    **SO ORDERED**.

                    _____

                    **BARBARA MOSES**
                    **United States Magistrate Judge**